UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALLISON TRANSMISSION, INC., ) | |
|     *Plaintiff,* ) | |
| ) | |
|    v. ) | CASE NO.:  1:11-cv-1175-SEB-DML |
| ) | |
| DeFEO MANUFACTURING, INC., ) | |
|     *Defendant/Third Party Plaintiff,* ) | |
| ) | |
|    v. ) | |
| ) | |
| STELLAR SRKG ACQUISITION, LLC, ) | |
|     *Third Party Defendant,* ) | |
| ) | |
|    v. ) | |
| ) | |
| RUBBER TIME INDUSTRIAL CO. LTD., ) | |
|     *New Third Party Defendant.* ) | |

## Order on Defendant's Motion for Protective Order

This matter is before the court on a motion for protective order (Dkt. 57) filed by defendant DeFeo Manufacturing, Inc.  DeFeo asks the court to prohibit plaintiff Allison Transmission from seeking discovery from DeFeo's suppliers. Allison has identified seven entities that supply Allison products to DeFeo but which do not have distributorship relationships directly with Allison.  Allison wants to depose a Rule 30(b)(6) representative of each of these entities and require testimony and documents about all sales transactions with DeFeo involving parts branded as genuine Allison parts, its sales of transmission parts generally to DeFeo, its knowledge of counterfeit Allison parts, and its investigation of the authenticity of Allison parts.

The relief DeFeo requests—a prohibition on discovery from third parties—should not be lightly or routinely granted, but the court finds it appropriate under these circumstances.  The court has already afforded Allison broad discovery directed to its stated suspicions that DeFeo

has sold counterfeit parts beyond the part identified by the complaint. It should not be permitted the additional, non-party discovery unless and until it comes forward with some fact—beyond mere speculation—substantiating a good-faith belief that other parts from DeFeo's inventory may be counterfeit and that a particular supplier from whom it seeks this discovery could be connected with those parts.

## Analysis

The scope of discovery has been the subject of an earlier dispute and order in this case. Allison's complaint—for unfair competition, false designation, and false advertising—alleges that DeFeo is selling "unauthorized Allison transmission turbine speed sensors," which the complaint labels as the "Counterfeit Products." (Dkt. 1, ¶¶ 21-25). The complaint does not challenge the genuineness of any other DeFeo products bearing ALLISON trademarks and sold as genuine Allison products. Allison insisted, however, that it should be permitted to discover whether DeFeo possesses and is selling parts other than the turbine speed sensors that are counterfeit, non-genuine Allison parts. Allison wanted to select from DeFeo's inventory for inspection and testing approximately 250 parts (which DeFeo valued at over $100,000), to be delivered to Allison at DeFeo's expense and retained by Allison until the case is over. Allison also wanted all purchase and sales documentation for these 250 parts. This discovery, according to Allison, would permit it to determine whether DeFeo was selling other counterfeit parts. Allison also argued that counterfeit parts put the public's safety—and not just Allison's reputation—at risk.

Despite DeFeo's strenuous protest that discovery in this case should be limited to the turbine speed sensors, the court permitted Allison, in its Order of May 15, 2012, to examine many other parts of Allison's choice and to obtain underlying documentation regarding DeFeo's

acquisition of those parts. The court determined that an incremental, sampling approach appropriately balanced the relevance of the discovery and its burdens. The court's May 15 Order allowed Allison to choose for production and inspection any 50 parts it desired (later apparently expanded to 67 parts by agreement of the parties), required DeFeo to identify and produce the purchase documentation for each of the parts, and set a deadline for Allison to complete its inspection work. The court expressed its willingness to expand beyond the 50 parts and the documents discovery for those parts "depending on the results" of the discovery. Further, the court required Allison to return all parts to Allison at the end of the inspection period except for any parts it "has a reasonable, good-faith belief are counterfeit." (*See* Dkt. 47 at pp. 4-5).

DeFeo has provided this discovery. Now Allison wants testimony and documents from seven of DeFeo's suppliers in furtherance, Allison maintains, of this same investigation for other allegedly counterfeit parts. But after its examination and composite testing of 67 other parts of its choice and after its review of the purchase documentation for those parts, Allison is unable to identify *any* additional parts it in good faith believes are counterfeit.[1] That failure convinces the court that the discovery Allison seeks from DeFeo's suppliers goes beyond that necessary for the fair prosecution of the claims in this case. *See Central States, Southeast and Southwest Areas Pension Fund v. Waste Management of Michigan, Inc.,* 674 F.3d 630, 637 (7th Cir. 2012) (quoting *EEOC v. Harvey L. Walner & Assocs.,* 91 F.3d 963, 971 (7th Cir. 1996)) ("'[D]iscovery is not to be used as a fishing expedition.'"). It also lends some credence to DeFeo's complaint that Allison is attempting to use discovery in this case to interfere in DeFeo's legitimate relationships with suppliers who aren't direct Allison distributors.

---

[1] Perhaps Allison has chosen not to reveal a basis for believing other parts are counterfeit, but that strategy would be difficult to square with the concerns for public safety it earlier expressed. Furthermore, under these circumstances, it was incumbent upon Allison to provide some basis for seeking this additional discovery.

The court has afforded Allison the opportunity to determine whether DeFeo is selling additional counterfeit parts, the breadth of which could fairly be characterized as a controlled fishing expedition. The court will not permit the expansion of discovery directed to this issue unless and until Allison can articulate the basis for a good-faith, reasonable belief that DeFeo has sold or is selling other counterfeit parts and can explain how a particular supplier from whom it seeks discovery could be associated with that part.

## **Conclusion**

The court GRANTS DeFeo Manufacturing's motion (Dkt. 57) for a protective order. Allison may not serve non-party discovery requests (for documents or depositions) on DeFeo's suppliers. Further, if it has not done so already, Allison must within seven days of this Order return to DeFeo all parts not "tagged" as counterfeit as provided by the May 15 Order.

So ORDERED.

Date:   11/21/2012

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system